Behnke, Appellant, vs. City of Neenah and others, Respondents.

*April 3—April 28, 1936.*

412

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Ray C. Dempsey.*

*John W. O'Leary,* city attorney, for the respondents.

MARTIN, J.   The sole issue is whether the city of Neenah can lawfully issue its general municipal obligations for the construction, erection, or enlargement of a joint sewage disposal plant or system as provided in sec. 144.07 (4) (e), Stats. 1935.

The appellant contends that the proposed bond issue is illegal, first, because the law under which the sewerage commission of the cities of Neenah and Menasha is created provides no method or means of financing the erection or construction of intercepting sewers and the sewage disposal plant on a joint operation within the two cities; and, second, because the general charter law under which the city of Neenah operates does not permit the issuance of bonds for the erection and construction of a sewage disposal plant or intercepting sewers *jointly with any other municipality*. Appellant's counsel argues that by the repeal of all special charters and the enactment of the general charter law (ch. 62 of the statutes) the legislature intended that in so far as possible there should be uniformity of the general law applicable to the rights, powers, and duties of the cities of the second, third, and fourth class. The legislative intent in the enactment of the general charter law is thus expressed in sec. 62.04, Stats. :

"It is declared to be the intention of the revision of the city charter law, to grant all the privileges, rights and powers, to cities which they heretofore had unless the contrary is patent from the revision. For the purpose of giving to cities the largest measure of self-government compatible with the constitution and general law, it is hereby declared that sections 62.01 to 62.26, inclusive [which is the general charter law], shall be liberally construed in favor of the rights, powers and privileges of cities to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof."

Sec. 1, ch. 460, Laws of 1935, provides :

"A new subsection is added to section 144.07 of the statutes to read: (144.07) (4) (a) Any two adjoining mu-

nicipalities not wishing to proceed under subsection (2) may jointly construct, operate and maintain a joint sewerage system, inclusive of the necessary intercepting sewers and sewerage treatment works. Such joint action shall be carried out by a sewerage commission consisting of one member appointed by each of the governing bodies of such municipalities and a third member to be selected by the two members so appointed, or in lieu thereof said commission may consist of two members appointed by the governing body of each municipality and a fifth member to be selected by the four members so appointed."

Par. (c) provides:

"The commissioners shall project, plan, construct and maintain in the district comprising the two municipalities intercepting and other main sewers for the collection and transmission of house, industrial and other sewage to a site or sites for disposal selected by them, such sewers to be sufficient, in the judgment of the commissioners, to care for such sewage of the territory included in such district. The commissioners shall project, plan, construct and operate sewage disposal works at a site or sites selected by them which may be located within or outside of the territory included in the district. The commissioners may also project, plan, construct and maintain intercepting and other main sewers for the collection and disposal of storm water which shall be separate from the sanitary sewerage system. The commissioners may employ and fix compensation for engineers, assistants, clerks, employees and laborers, or do such other things as may be necessary for the due and proper execution of their duties."

Par. (d) provides:

"Such commission shall constitute a body corporate by the name of '. . . sewerage commission,' by which in all proceedings it shall thereafter be known. Except as provided in this subsection the commissioners shall have the power and proceed as a common council and board of public works in cities in carrying out the provisions of paragraph (c) of this subsection. All bond issues and appropriations made by said commission shall be subject to the

approval of the governing bodies of the respective municipalities."

Par. (e) provides:

"Each such municipality shall pay for its proportionate share of such sewerage system, including additions thereto, and also its proportionate share of all operation and maintenance costs as may be determined by the commission. *Each municipality may borrow money and issue municipal obligations therefor, for the construction, erection, enlargement and extension of a joint sewage disposal plant or system, and to purchase a site or sites for the same.* Each municipality may, if it so desires, proceed under subsection (22) of section 66.06 in financing its portion of the cost of the construction, operation, and maintenance of the joint sewage disposal plant or system."

The last sentence of par. (d) above, "All bond issues and appropriations made by said commission shall be subject to the approval of the governing bodies of the respective municipalities," is vague. This provision does not authorize bond issues by the commission. The method of financing such projects is specifically provided in par. (e) above.

Prior to the 1935 amendment each municipality, by proceeding under chs. 62 and 67 of the statutes, could have provided for sewers and drains and a sewage disposal plant or system for its city, but not for a system jointly owned and operated with another municipality. It is obvious that the legislative intent in the enactment of ch. 460, Laws of 1935, was to authorize such proceedings as were followed in the instant case. The legislature of this state has provided several methods for the construction of sewers, mains, connections, and disposal plants. The general method followed in most cities is provided for by chs. 62 and 67, Stats. There is also the metropolitan sewerage district plan provided for in sec. 66.20, Stats., the system provided for under sec. 66.06 (22), Stats., and, finally, the system provided for under sec. 144.07 (1), (2), (3), and (4), Stats., the latter sub-

section being the 1935 amendment from which we have quoted. The appellant contends that the 1935 amendment is a deviation from the general charter law; that it attempts to take away from municipalities the powers expressly granted to them under the general charter law. It will be noted that the governing body of any city or other municipality in which proceedings are taken under sub. (4) of sec. 144.07, Stats., has the final control both as to bond issues and as to appropriations. Such matters are as completely under the control of the municipal governing bodies under the provisions of ch. 460, Laws of 1935, as though the entire proceedings had been under· chs. 62 and 67, Stats.

We conclude that the order sustaining the demurrer must be affirmed.

*By the Court.*—Order affirmed.